## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **RANDAL "RANDY" M. HALL,** | )( | **Civil Action No. 3:22cv363** |
| | )( | **(Jury Trial)** |
| *Plaintiff,* | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **CITY OF LEAGUE CITY, TEXAS; and** | )( | |
| **TRAVIS TROCHESSETT,** *Individually;* | )( | |
| | )( | |
| *Defendants.* | )( | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JEFFREY V. BROWN:**

    **NOW COMES** Plaintiff RANDAL "RANDY" M. HALL and complains of the CITY OF LEAGUE CITY, TEXAS and TRAVIS TROCHESSETT, *individually;* and will show the Court the following:

## INTRODUCTION

    1.    Randal "Randy" M. Hall, 62, is a long time area resident who has never been convicted of a crime in his life who spoke with Travis Trochessett a League City police officer over the phone 90 miles away from League City. The police officer alleged in an affidavit in support of an arrest warrant that Mr. Hall told the officer that Mr. Hall's wife was not going to provide her driver's license information to the officer because of safety reasons but would provide it to the Chief of Police. Because of the phone conversations the officer had Mr. Hall arrested for Interference

With Public Duties; Texas Penal Code Section 38.15. However, the statute states that "**(d):** It is a defense to prosecution under this section that the interruption, disruption, impediment, or interference alleged consisted of *speech only.*" In addition, the statute requires criminal negligence but Mr. Hall was not criminally negligent.

2.      Mr. Hall sues under 42 U.S.C. Section 1983 for Constitutional violations.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any. Venue is proper in this Court, under 28 U.S.C. § 1391(b) because the incident at issue took place in Galveston County, Texas within the United States Southern District of Texas.

## PARTIES

4.      Plaintiff RANDAL "RANDY" M. HALL is a resident of Galveston County, Texas.

5.      The CITY OF LEAGUE CITY, TEXAS (sometimes "the CITY") is a municipality organized under the laws of the State of Texas which, as a home-rule municipality and through the City's Charter, has created a police department, through which the City is responsible for the implementation of Policies, procedures, practices and customs, as well as the acts and omissions of its police officers,

including its police officers.  The City can be served by serving the Mayor or City Secretary at 300 West Walker, League City, Texas 77573.

6.      Defendant TRAVIS TROCHESSETT is sued in his individual capacity and can be served with process at 555 West Walker, League City, Texas 77573 or wherever he is found.

## FACTS

7.      Randal "Randy" M. Hall, 62, has never been convicted of a crime in his life. Mr. Hall has lived in the same area his entire life except when he attended the University of Texas at Austin.

8.      Mr. Hall is married to Rachael Hall and they live together in League City with four minor children. They have lived at their current residence about twenty years. Ms. Hall has never been convicted of a crime in her life.

9.      September 2, 2022 around noon Ms. Hall was driving through the parking lot of her gym at a safe speed when Guadalupe C. Melchor backed up out of a parking spot without looking and hit her car in the left front. The damage was minor, no one was injured, and both cars were drivable.

10.     Mr. Melchor readily admitted full responsibility and specifically requested that the police not be called. Mr. Melchor stated many of his family members are in the Houston Police Department and because the accident happened on private property no police would come any way.

11.     Mr. Melchor then produced auto insurance papers to Ms. Hall.

12.     After a few minutes, there being nothing left to do, Ms. Hall drove home.

13.     When Ms. Hall later phoned the insurance company named on the papers Mr. Melchor showed Ms. Hall, the insurance company said Mr. Melchor did not have insurance with them. It is a crime in Texas to not have proof of valid insurance.

14.     Unbeknownst to Ms. Hall Mr. Melchor also contacted the League City police and police officer Travis Trochessett (Officer Trochessett) who began to investigate the accident.

15.     Mr. Melchor then went to a personal injury lawyer claiming that Ms. Hall was at fault and claiming that he was injured-both patently false and contradicted by Mr. Melchor himself- and seeking monetary damages from Ms. Hall.

16.     That night after dark Officer Trochessett arrived at the Hall's residence. At the time Mr. Hall was in El Campo, Texas about 90 miles away.

17.     As Officer Trochessett was interrogating Ms. Hall and seeking driver's license information, Ms. Hall called Mr. Hall about the situation. After speaking with her husband, Ms. Hall then handed the phone to Mr. Hall as Mr. Hall wanted to speak with Officer Trochessett.

18.     Mr. Hall spoke with Officer Trochessett for a few minutes about the

investigation he was doing and stated he felt his wife and family would be unsafe if Officer Trochessett gave a stranger his wife's address and other driver's license information. Mr. Hall stated he could give the information to the Chief of Police. Mr. Hall did not physically threaten Officer Trochessett nor did he even speak loudly or use any vulgarities but was respectful at all times.

19.     Officer Trochessett then left.

20.     Sunday, September 18, 2022 based upon information from Officer Trochesett Mr. Hall was arrested at his home, in front of his children, and jailed for Interference With Public Duties; Texas Penal Code, Section 38.15. However, it is a defense to prosecution if the interference was by speech only.  Texas Penal Code, Section 38.15(d).  Officer Trochessett did not read Mr. Hall his rights.

21.     Mr. Hall spent around eight hours in jail and paid $190.00 to bond out. The bond had several conditions impinging upon Mr. Hall's liberties.

22.     Due to charges against him Mr. Hall then retained a criminal defense lawyer at a cost of $3,500.00.

23.     The charges against Mr. Hall were dropped September 30, 2022 when the Galveston County District Attorney declined to prosecute the charge against Mr. Hall. Mr. Hall was not required to pay any fee and was not obligated to do any act.

24.     Mr. Hall is greatly worried about speaking with the police in the future or speaking with his wife about the police for fear of arrest and being charged with

a crime.

25.     Mr. Hall has suffered and continues to suffer mental anguish including, at least, anxiety, fear, and depression which has had physical manifestations of, at least, headaches and nausea.

26.     Officer Trochessett had field training and supervision by the League City Police Department including arresting suspects for Interference With Public Duties.

27.     Upon information and belief there are many other examples of League City police arresting citizens for Interference With Public Duties for speech only.

## VIOLATION OF 1ST ,4TH , 5TH, AND 14TH AMENDMENTS

28.     Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

29.     Each constitutional violation here involves the lack of probable cause, and, in the case of the Fourth Amendment detention, there was even a lack of reasonable suspicion. On the First Amendment claim, the U.S. Supreme Court recently reiterated the principle that government officials cannot retaliate against individuals for engaging in protected speech absent sufficient non-retaliatory grounds. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006), *Crawford-El v. Britton*, 523 U.S. 574, 593 (1998), *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 283–84 (1977)). In order to determine

whether an arrest was retaliatory, the absence of probable cause "generally provide[s] weighty evidence that the officer's animus caused the arrest." *Id.* at 1724 (citing *Reichle v. Howards*, 566 U.S. 658, 668 (2012)). Similarly, an "arrest without probable cause violates the clearly established law defining an individual's right under the Fourth Amendment." *Davidson v. City of Stafford*, No. 16-20217, 2017 U.S. App. LEXIS 5665, at *9 (5th Cir. Mar. 31, 2017) (citing *Hogan v. Cunningham*, 722 F.3d 725, 731 (5th Cir. 2013)). Further, police cannot detain an individual without "reasonable suspicion," which is some level of objective justification. *Alexander v. City of Round Rock*, 854 F.3d 298, 303–04 (5th Cir. 2017) (citing *Illinois v. Wardlow*, 528 U.S. 119, 123–24 (2000)). And finally, the Fifth Circuit has also found that claims of false arrest and false imprisonment, as here, "involve the guarantees of the fourth and fourteenth amendments when the individual complains of an arrest [and] detention . . . without probable cause." *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988) (citations omitted). Even if no speech was involved reasonable suspicion is needed. In a claim for unlawful detention, a plaintiff must show (1) a detention occurred; and (2) the detention was not based on reasonable suspicion supported by articulable facts that criminal activity was occurring. *Coons v. Lain*, 277 F. App'x 467, 470 (5th Cir. May 8, 2008) (citing *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). Police may only detain an individual if the officer has a reasonable suspicion based on specific and

particularized facts that the person is involved in criminal activity. *U.S. v. Massi*, 761 F.3d 512, 521 (5th Cir. 2014) (citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

30.     Here Officer Trochessett had no reasonable suspicion or probable cause to arrest Mr. Hall for his respectful, few minute speech over the phone while Mr. Hall was 90 miles away.

31.     The City of League City has a custom, policy, practice, and procedure of not training officers including Officer Trochessett regarding the requirements of Interference With Public Duties and Freedom of Speech. Furthermore, League City police officers have a custom of arresting citizens for Interference With Public Duties for speech only in violation of the Constitution.

32.     This pattern and practice was ratified by League City Police Department when the department determined that the officers' actions were consistent with department policy.

## **MENTAL ANGUISH**

33.     Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

34.     Mr. Hall suffered anxiety, fear, anger, shame and depression because of the acts of the individually named defendants and the City of League City and, therefore, seeks damages for mental anguish past and future as well as the pain and

suffering, past and future, and other damages set forth above.

## **PUNITIVE DAMAGES**

35.    Plaintiff incorporates all preceding paragraphs as if set fully herein.

36.    The individually named defendant's actions and inactions cause him to be liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and he did the acts knowingly, such acts being extreme and outrageous and shocking to the conscience.

## **ATTORNEYS' FEES**

37.    Plaintiff is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988.

## **JURY TRIAL**

38.    Plaintiff requests a trial by jury on all issues triable to a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Randal M. Hall requests that the Court:

A.    Enter judgment for the Plaintiff and against Trochessett and the City of League City, Texas holding them jointly and severally liable for a at least $25,000,000.00;

B.    Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

C.    Award damages to Plaintiff for the violations of his

Constitutional rights and for his state law claims, if any;

          D.      Award Pre- and post-judgement interest;

          E.      Order that Trochessett and League City police officers take training in Constitutional rights and the crime of Interference With Public Duties;

          E.      Award Punitive damages against each and every individually named defendant; and

          F.      Grant such other and further relief as appears reasonable and just, to which plaintiff shows himself entitled.

Respectfully Submitted,

/s/ *Randall L. Kallinen*
Randall L. Kallinen
KALLINEN LAW PLLC
State Bar of Texas No. 00790995
So. Dist. of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:   713/783-2677
FAX:         713/893-6737
Email:       AttorneyKallinen@aol.com

Alexander C. Johnson
KALLINEN LAW PLLC
State Bar of Texas No. 24123583
U.S. So. Dist. of Texas Bar No. 3679181
511 Broadway Street
Houston, Texas 77012
Telephone:   573/340-3316
FAX:         713/893-6737
Email:       alex@acj.legal

ATTORNEYS FOR PLAINTIFF